Esther C. Rodriguez (Nev. SBN 006473)
**RODRIGUEZ LAW OFFICES P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

Michael A. Josephson (*Pro Hac Vice*)
Andrew W. Dunlap (*Pro Hac Vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

*Counsel for Loehr & the Hourly Employees*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMANTHE LOEHR, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>KG MINING (BALD MOUNTAIN) INC.,<br><br>Defendant. | Case No. 3:25-cv-00190-CLB<br><br>**JOINT CASE MANAGEMENT REPORT**<br><br>**[SPECIAL SCHEDULING REVIEW REQUESTED]** |

Plaintiff Samanthe Loehr ("Plaintiff") and Defendant KG Mining (Bald Mountain) Inc. ("Defendant") (together, the "Parties") respectfully submit this Joint Case Management Report.

**1. Statement of the Nature of the Case.**

Plaintiff worked for Defendant in its Nevada gold mine from approximately July 2022 until December 2023 as a haul truck driver. Defendant hires hourly workers like Plaintiff to meet its business objectives.

Plaintiff, individually and for others similarly situated, filed this class and collective action alleging Defendant failed to pay her and others like her for all hours worked, including for hours worked while "off the clock." Plaintiff alleges Defendant requires her and others like her to

perform compensable work while donning their protective clothing and safety gear pre-shift and gather tools and equipment necessary to perform their job duties, before clocking in for work. Likewise, Plaintiff alleges Defendant requires her and others like her to clock out but continue working by doffing their work clothes, storing their tools and equipment, and cleaning up. Plaintiff alleges Defendant does not compensate her and similarly situated workers for this compensable pre- and post-shift off-the-clock work, leading to violations of the Fair Labor Standards Act (FLSA) and Nevada wage-and-hour laws.

Plaintiff also alleges Defendant pays her and others like her non-discretionary bonuses, but fails to include these non-discretionary bonuses into their regular rate of pay as required by the FLSA and Nevada law. Plaintiff alleges Defendant's failure to include this remuneration into their regular rate results in under-calculation of their overtime rates of pay, and therefore a failure to pay him and others like him all overtime wages owed under the FLSA and Nevada law.

**Defendant**

Defendant asserts that it properly compensated Plaintiff and others like her for all hours worked in accordance with applicable law. Defendant denies that Plaintiff and others like her perform any compensable off-the-clock work to include donning and doffing of safety gear, gathering tools and equipment and/or cleaning up. Defendant further asserts that it properly compensates Plaintiff and others like her for all such activities in accordance with the FLSA and Nevada wage-and-hour laws. Defendant also asserts that it properly calculated the regular rate of pay, to include overtime, into any and all non-discretionary bonuses it paid to Plaintiff and others like her in accordance with the requirements of the FLSA and Nevada law. Therefore, Defendant denies that Plaintiff and others like her are entitled to additional remuneration related to bonuses under the FLSA and Nevada law. Defendant has asserted various additional defenses, which it incorporates herein by reference. In particular, Defendant asserts that there are numerous individualized inquiries that render class certification improper.

**2. Jurisdictional Bases**.

This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA, 29 U.S.C. § 216(b). The Court has

supplemental jurisdiction over the state-law claims because they arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

**3. Whether any Party Expects to Add Additional Parties or Amend Pleadings**.

None at this time.

**4. Pending Motions.**

None at this time.

**5. Related Cases to Others Pending Before this Court.**

Plaintiff's position: Case No. 2:25-cv-00098-RFB-EJY; *Cory Ellings, Individually and On Behalf of Others Similarly Situated, Plaintiff v. Round Mountain Gold Corporation*; In the United States District Court for the District of Nevada.

Defendant's position: None.

**6. Complete and Detailed Statement Related to Discovery.**

**a. The date Rule 26(f) initial disclosures will be provided.**

The Parties have not yet exchanged their Rule 26(f) disclosures. Plaintiff proposes exchanging Initial Disclosures by August 4, 2025. Defendant proposes exchanging Initial Disclosures by August 25, 2025.

**b. Brief statement regarding discovery requests that have been/will be served.**

The Parties have not yet commenced written discovery. Plaintiff and Defendant anticipate serving the other party with a first set of written discovery requests consisting of requests for production of documents, interrogatories, and/or requests for admission. The due date for responses to such requests will be 30 days after service, unless an extension of time is otherwise agreed to between the Parties.

**c. Whether the parties anticipate the need for a protective order.**

The Parties anticipate a standard protective order to protect against the disclosure of confidential personnel information, including pay records.

**d. Any issues or proposals related to the timing, sequencing, phasing, or scheduling of discovery.**

Plaintiff proposes there is no need to sequence/phase discovery in this case. Defendant maintains that discovery should be conducted in a two-pronged process focused initially on class certification and then, if such a motion is granted, on merits.

**e. Whether the parties anticipate the need to take discovery outside of the District of Nevada or the United States; if so, a description.**

At this time, the Parties do not anticipate taking discovery outside of Nevada or the United States. If this changes throughout the discovery process, the Parties agree to work together in good faith to accomplish any discovery requests without the need for court intervention.

**f. Summary of the number of depositions each party anticipates taking.**

Plaintiff anticipates deposing Defendant's corporate representative under Rule 30(b)(6), one or more supervisory employees over the KG Mining (Bald Mountain) mine, one or more of Defendant's human resources/payroll employees, and any individuals identified by Defendant as having knowledge of Plaintiff's claims, as well as any experts Defendant may identify in the normal course of discovery.

Defendant intends to depose Plaintiff, Plaintiff's expert identified in the normal course of discovery, and alleged putative class members.

The Parties anticipate completing all depositions in locations in compliance with the Federal Rules of Civil Procedure, or otherwise in locations that are agreeable to the parties. The Parties do not anticipate using video and/or sound recordings of depositions at this time, but reserve the right to do so if same becomes necessary.

**7. Brief Statement Regarding the Types of ESI Expected in the Case.**

The Parties anticipate there may be discovery of ESI, and intend to discuss protocols for the same and the form in which it should be produced. Plaintiff requests that timekeeping and payroll data be produced in Microsoft Excel format. The Parties anticipate that any ESI is likely stored in Defendant's corporate headquarters in Nevada.

The Parties agree that ESI, if any, may initially be produced in PDF format and native document format where available. If any ESI is not readable, or requires a proprietary system to read it, the producing party may elect to produce such information in a commonly available

electronic format in a readable and searchable form (such as Excel, Word, or searchable PDF) to the extent possible.

**8. Proposed Dates Under Local Rule 26-1.**

a. **Date Defendant first answered:** June 6, 2025

b. **Deadline for the completion of discovery:** April 3, 2026 (301 days from answer)

c. **Deadline for amending the pleadings and adding parties:** November 19, 2025

d. **Deadline for complete disclosure of expert testimony:** The deadline for the party with the burden of proof to provide expert disclosures under Rule 26(a)(2)(D) is February 2, 2026. The deadline for rebuttal-expert disclosures is March 4, 2026.

e. **Deadline for filing dispositive motions:** May 4, 2026.

f. **Joint pretrial order filing date (if dispositive motions are not filed):** June 3, 2026. (If dispositive motions are filed, the deadline for filing the joint pre-trial order will be suspended until 30 days after decision on the dispositive motions or further court order.)

g. **Alternative forms of case disposition:** None.

h. **Electronic evidence at trial:** At this time, the Parties anticipate presenting evidence in electronic format and providing same to jurors during deliberations. The Parties agree to submit evidence to the jurors via appropriate electronic means, including but not limited to, flash-drive(s) and/or CD(s).

**9. The Parties seek a Special Scheduling Review.**

As discussed above, the Parties seek longer deadlines than those contemplated in LR 26-1(b). The longer deadlines are requested primarily because this is a FLSA collective and Rule 23 class action alleging multiple violations of both federal and Nevada wage and hour law. The amount of data and documentation is expected to be voluminous and will take time for Defendant to accumulate and produce, and Plaintiff to review and analyze.

**10. Whether Jury Trial has Been Requested, Contested, and Estimated Trial Length.**

Plaintiff has requested a jury trial. The Parties believe it would be premature to estimate the length of trial at this time before resolution of Plaintiff's anticipated motions for FLSA conditional certification and/or Rule 23 class certification. At this time, Plaintiff anticipates a trial would be 4-5 days. Due to the potential of various sub-classes in this case, Defendant anticipates a trial of 6-7 days.

**11. Statement on the Possibility of Settlement.**

The Parties have discussed—and continue to discuss—the possibility of early resolution in this case. The Parties believe this case has a possibility of class-wide settlement following a period of discovery, whether formal or informal. At this time, the Parties would prefer private mediation over a court-sponsored settlement conference.

**12. Whether Either Party Requests Bifurcation/Phasing of Trial or Has Suggestion for Shortening or Expediting Discovery, Pre-trial Motions, or Trial.**

Plaintiff believes discovery can be expedited by Defendant producing class pay and time data as soon as possible, including any documents from which time could be gathered (*e.g.*, badge swipes, radio-frequency identification (RFID) tracking systems, and any other electronic data source from which time could be determined). The pay data should include all pay codes and be produced in Microsoft Excel. Defendant should also produce all job descriptions of the Putative Class and Collective Members. Plaintiff believes this is the quickest way to narrow the issues in this case and move the case toward a similarly situated status.

Plaintiff believes resolution of his anticipated motions for FLSA conditional certification and Rule 23 class certification will determine whether it may be appropriate to bifurcate a trial into separate liability and damages phases. Aside from the above, Plaintiff does not currently have other suggestions for shortening the trial.

Defendant believes that discovery should be phased, first with issues solely pertaining to class certification and, then if the motion is granted, discovery with respect to merits and damages. Defendant further believes that the trial should be bifurcated into a liability and damages phase.

**13. Whether Either Party Requests that a Case Management Conference Be Set in the Case.**

The Parties do not request that a Case Management Conference be set in the case at this time.

Respectfully and jointly submitted on July 21, 2025

/s/ *Andrew W. Dunlap*
Esther C. Rodriguez (Nev. SBN 006473)
**RODRIGUEZ LAW OFFICES P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

Michael A. Josephson (*Pro Hac Vice*)
Andrew W. Dunlap (*Pro Hac Vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch (*Pro Hac Vice*)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

*Counsel for Loehr & the Hourly Employees*

/s/ *Emily M. Hobbs*
Dora V. Lane (Nev. SBN 8424)
**ASCENT LAW, PC**
5470 Kietzke, Suite 300
Reno, Nevada 89511
Tel: (775) 671-6171
dora@ascent-employmentlaw.com

Emily M. Hobbs (*Pro Hac Vice*)
**ASCENT LAW, PC**
110 16th Street, Suite 1460
Denver, Colorado 80202
Tel: (720) 933-0765
emily@ascent-employmentlaw.com

Lonnie D. Giamela (*Pro Hac Vice*)
Joel Moon (*Pro Hac Vice*)
**Fisher & Phillips LLP**
444 South Flower Street, Suite 1500
Los Angeles, California 90071
T: (213) 330-4454
lgiamela@fisherphillips.com
jmoon@fisherphillips.com

*Counsel for KG Mining (Bald Mountain) Inc.*

IT IS SO ORDERED:

______________________________
UNITED STATES MAGISTRATE JUDGE

DATED: ______________________