Dora V. Lane
Nevada Bar No. 8424
Ascent Law, PC
5470 Kietzke Lane, Ste. 300
Reno, NV 89511-2099
T: (775) 671-6171
dora@ascent-employmentlaw.com

Emily M. Hobbs (admitted *pro hac vice*)
Ascent Law, PC
110 16th Street, Ste. 1460
Denver, CO 80202
T: (720) 933-0765
emily@ascent-employmentlaw.com

Attorneys for Defendant KG MINING (BALD MOUNTAIN) INC.

Lonnie D. Giamela (admitted *pro hac vice*)
Joel Moon (admitted *pro hac vice*)
Fisher & Phillips LLP
444 South Flower Street, Ste. 1500
Los Angeles, CA 90071
T: (213) 330-4454
lgiamela@fisherphillips.com
jmoon@fisherphillips.com

✓ FILED ____ RECEIVED
____ ENTERED ____ SERVED ON
COUNSEL/PARTIES OF RECORD
FEB 06 2026
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ____________ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SAMANTHE LOEHR, Individually and for Others Similarly Situated,

Plaintiff,

v.

KG MINING (BALD MOUNTAIN) INC.,

Defendant.

Case No. 3:25-cv-00190-CLB

**STIPULATION AND ORDER TO EXTEND AND CLARIFY DISCOVERY AND SCHEDULING DEADLINES, AND REQUEST FOR CASE MANAGEMENT CONFERENCE**

**(FIRST REQUEST)**

**SPECIAL SCHEDULING REVIEW REQUESTED**

IT IS HEREBY STIPULATED AND AGREED, pursuant to Federal Rules of Civil Procedure ("FRCP") 16, Local Rule ("LR") 26-3 and LR IA 6-1, between the Parties, by and through their counsel of record, for an order extending the discovery schedule and related deadlines as set forth below. This is the first request for extension of discovery and scheduling deadlines.

1. On July 22, 2025, the Court approved the Joint Case Management Report as the discovery plan and scheduling order for this action. (Dkt. No. 32.)

2. This Stipulation is filed 21 days before the expiration of the impending initial expert disclosure deadline, in accordance with LR 26-3. The Parties have good cause for filing this stipulation because the original scheduling order does not address a dispute between the Parties concerning whether sequenced/phased discovery is needed in this case. The Parties have since conferred and agree with the proposed phased discovery schedule as set forth below.

3. The Parties propose the revised deadlines as set forth below, extending the relevant deadlines to correspond with a phased discovery schedule in this class and collective action.

## I. INFORMATION PURSUANT TO LR 26-3 AND LR IA 6-1

### A. Discovery Completed to Date.

The Parties exchanged initial disclosures on August 4, 2025.

On November 20, 2025, Plaintiff served upon Defendant her First Set of Discovery Requests.

On December 22, 2025, Defendant served upon Plaintiff its Responses to Plaintiff's Discovery Requests. Defendant has also served responsive documents.

At this time, Plaintiff has requested three (3) depositions, which the Parties are in the process of scheduling. As of the date of this filing, no Party has taken a deposition.

### B. Discovery That Remains to Be Completed.

All parties anticipate additional disclosures, written discovery, depositions, and expert disclosures.

Plaintiff anticipates deposing Defendant's corporate representative under Rule 30(b)(6), one or more supervisory employees over Defendant's mine, one or more of Defendant's human resources/payroll employees, and any individuals identified by Defendant as having knowledge of Plaintiff's claims, as well as any experts Defendant may identify in the normal course of discovery.

Defendant intends to depose Plaintiff, Plaintiff's expert(s) identified in the normal course of discovery, and alleged putative class members.

///

///

///

**C. Current vs. Proposed Schedule**

The current schedule in the case is as follows:

| Event | Current Deadline |
|---|---|
| Discovery Cutoff | April 3, 2026 |
| Initial Expert Disclosures | February 2, 2026 |
| Rebuttal Expert Disclosures | March 4, 2026 |
| Dipositive Motions Deadline | May 4, 2026 |
| Joint Pretrial Order | June 3, 2026[1] |

The Parties propose revisions to the current deadlines as follows:

Discovery Cut-Off Dates and Process: Discovery will be conducted in three phases: (1) discovery limited to issues relevant to conditional certification under the Fair Labor Standards Act ("FLSA") ("Phase I Discovery"), (2) discovery limited to issues relevant to class certification under NRCP 23 ("Phase II Discovery"); and (3) discovery related to the merits of Plaintiff's claims, damages, and defenses, contingent upon conditional/class certification ("Phase III Discovery").

Phase I discovery shall be conducted as follows. Plaintiff has agreed to receive anonymized time and payroll records for approximately 10 percent of the potential collective/class action members (estimated at approximately 975 individuals) in a manner agreed to by the Parties, and reserves the right to seek additional information in the event the potential collective/class action member class size is bigger. The discovery cut-off for Phase I discovery will be **April 3, 2026**, which is 3 weeks before the April 24, 2026, deadline to file a motion for conditional certification.

The Parties agree that discovery on all matters, other than Phase I Discovery, shall be stayed during the pendency of any motion for conditional certification, and the Parties will enter into a tolling agreement to protect the rights of any putative collective action members while discovery is stayed.

---

[1] If no dispositive motions are filed, the deadline for filing the joint pre-trial order will be suspended until 30 days after decision on the dispositive motions or further court order.

Given the uncertainty surrounding the date on which the Court will rule on Plaintiff's motion for conditional certification and the fact that the Parties have agreed to stay discovery pending the Court's decision on Plaintiff's conditional certification motion, the Parties are unable to propose specific dates for Phase II and III discovery and related deadlines stemming from these dates. **Within 14 days of the Court's ruling on Plaintiff's motion for conditional certification the Parties will confer and submit an updated discovery plan and scheduling order with respect to Phase II and Phase III discovery and other dates required under the local and federal rules.**

Fed. R. Civ. P. 26(a)(2) Disclosures (Experts): Disclosures concerning initial experts shall be made no later than sixty (60) days before the proposed discovery cut-off date for Phase III discovery. Disclosures concerning rebuttal experts shall be made within thirty (30) days after the initial disclosure of experts.

Motions for Conditional Certification and Related Briefing: Motions for conditional certification of FLSA claims shall be due on or before Friday, April 24, 2026.

Any responses to motions for conditional certification shall be due within twenty-five (25) days of service of the motions for conditional certification. Any replies in support of motions for conditional certification shall be due within fourteen (14) days of service of the responses to motions for conditional certification.

Dispositive Motions: The date for filing dispositive motions shall be thirty (30) days from the discovery cut-off date for Phase III Discovery.

Pretrial Order: The deadline for the joint pretrial order is 30 days after the dispositive motion deadline. If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

Fed. R. Civ. P. 26(a)(3) Disclosures. The disclosures required by Rule 26(a)(3) of the Federal Rules of Civil Procedure and any objections to them will be included in the joint pre-trial order.

Case Management Conference. The Parties further request a Case Management Conference.

### D. Good Cause Exists to Extend the Discovery and Scheduling Order Deadlines

Rule 16(b) and Local Rules 6-1 and 26-3 require a showing of "good cause" before modifying a scheduling order.[2] In Rule 16's context, good cause is measured by diligence.[3] The rule permits a scheduling order's modification where the movant shows diligence.[4] The instant request is made 21 days before the current initial expert disclosure deadline of February 2, 2026.

As stated above, the Parties have been diligent in completing discovery to-date and conferring on multiple occasions. Good cause exists to extend the case deadlines to align with a phased discovery schedule. Although the parties raised the issue of phased discovery in the operative joint discovery plan, the parties realized the issue was not ultimately resolved. Moreover, the proposed schedule set forth herein mirrors the schedule that the Parties adopted in the case *Cory Ellings, Individually and On Behalf of Others Similarly Situated, Plaintiff v. Round Mountain Gold Corporation*, Case No. 2:25-cv-00098-RFB-EJY, which Plaintiff identified as a "related case" in the operative joint discovery plan.

## II. CONCLUSION

Based on the foregoing reasons, the Parties request that this Court grant the relief requested and continue the discovery and related deadlines as set forth herein.

Respectfully and jointly submitted on January 12, 2026

*/s/ Andrew Dunlap*
Esther C. Rodriguez (Nev. SBN 006473)
**RODRIGUEZ LAW OFFICES P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400; Fax: (702) 320-8401
esther@rodriguezlaw.com

Michael A. Josephson (*Pro Hac Vice*)
Andrew W. Dunlap (*Pro Hac Vice*)
**JOSEPHSON DUNLAP LLP**

*/s/ Dora Lane*
Dora V. Lane (Nev. SBN 8424)
**ASCENT LAW, PC**
5470 Kietzke, Suite 300
Reno, Nevada 89511
Tel: (775) 671-6171
dora@ascent-employmentlaw.com

Emily M. Hobbs (*Pro Hac Vice*)
**ASCENT LAW, PC**
110 16th Street, Suite 1460

---

[2] *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b)) ("orders entered before the final pretrial conference may be modified upon a showing of 'good cause'").
[3] *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting *Johnson*, 975 F.2d at 609) (holding that the good cause standard "'primarily considers the diligence of the party seeking the amendment'").
[4] *Coleman*, 232 F.3d at 1294-95.

11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. (Rex) Burch (*Pro Hac Vice*)
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

*Counsel for Loehr & the Hourly Employees*

Denver, Colorado 80202
Tel: (720) 933-0765
emily@ascent-employmentlaw.com

Lonnie D. Giamela (*Pro Hac Vice*)
Joel Moon (*Pro Hac Vice*)
**Fisher & Phillips LLP**
444 South Flower Street, Suite 1500
Los Angeles, California 90071
T: (213) 330-4454
lgiamela@fisherphillips.com
jmoon@fisherphillips.com

*Counsel for KG Mining (Bald Mountain) Inc.*

IT IS SO ORDERED:

______________________________
UNITED STATES MAGISTRATE JUDGE

DATED: February 6, 2026