Esther C. Rodriguez
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400
Fax: (702) 320-8401
esther@rodriguezlaw.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
5847 San Felipe, Suite 2400
Houston, Texas 77057
Tel: (713) 877-8788
rburch@brucknerburch.com

Michael A. Josephson
Andrew W. Dunlap
**JOSEPHSON DUNLAP LLP**
5847 San Felipe, Suite 2400
Houston, Texas 77057
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

*Attorneys for Loehr & the Hourly Employees*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMANTHE LOEHR, Individually and On Behalf of Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KG MINING (BALD MOUNTAIN) INC., <br><br> Defendant. | Case No.: 3:25-cv-00190-CLB <br><br> **ORDER GRANTING JOINT STIPULATION TO STAY, TOLL, AND MEDIATE AND PROPOSED ORDER** <br><br> **(FIRST REQUEST TO STAY, TOLL, AND MEDIATE; SECOND REQUEST AFFECTING THE CONDITIONAL-CERTIFICATION DEADLINE**) |

Plaintiff Samanthe Loehr, individually and on behalf of others similarly situated ("Plaintiff"), and Defendant KG Mining (Bald Mountain) Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel of record, hereby jointly stipulate and request that the Court stay case deadlines and toll the applicable statute of limitations for putative FLSA Collective Members (as that term is defined in ECF No. 1) for one hundred twenty (120) days, until October 9, 2026 (the "Stay Period"), to permit the Parties to mediate this matter with an experienced wage-and-hour mediator.

This Stipulation is made pursuant to Federal Rules of Civil Procedure 1, 16(b)(4), and 29,

JOINT STIPULATION TO STAY, TOLL, AND MEDIATE AND PROPOSED ORDER
- 1 -

the Court's inherent authority to manage its docket, LR IA 6-1, and LR 26-3. Good cause exists for the requested stay. The requested stay of this case and all deadlines will conserve the Parties' and the Court's resources and serve judicial economy while they work towards a potential global settlement of this matter by holding substantive discussions regarding settlement and attending mediation with an experienced wage and hour mediator. *See* FED. R. CIV. P. 1 (indicating the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

This is the Parties' first request to stay, toll, and mediate. This request affects Plaintiff's deadline to file a motion for conditional certification, which the Court previously extended from April 24, 2026, to June 26, 2026. ECF Nos. 38, 39. This request also affects case scheduling deadlines set forth in the Court's February 6, 2026, Order granting the Parties' Stipulation to Extend and Clarify Discovery and Scheduling Deadlines. ECF Nos. 33, 37.

In support of this Joint Stipulation, the Parties state as follows:

1. Plaintiff filed this putative class and collective action on April 9, 2025. ECF No. 1. Plaintiff alleges unpaid wages and overtime under the FLSA and Nevada law, including claims relating to pre-shift/post-shift work, donning/doffing, timekeeping, and regular-rate overtime. Defendant denies Plaintiff's allegations and denies liability.

2. Defendant filed its Answer and Affirmative Defenses on June 6, 2025. ECF No. 26.

3. On July 22, 2025, the Court approved the Parties' Joint Case Management Report as the discovery plan and scheduling order for this action. ECF No. 32.

4. On January 12, 2026, the Parties filed a Stipulation to Extend and Clarify Discovery and Scheduling Deadlines, and Request for Case Management Conference. ECF No. 33. On February 6, 2026, the Court granted the Stipulation. ECF No. 37. Pursuant to that Order, discovery is being conducted in three phases:

JOINT STIPULATION TO STAY, TOLL, AND MEDIATE AND PROPOSED ORDER

Phase I discovery concerning issues relevant to conditional certification under the FLSA, Phase II discovery concerning issues relevant to class certification under Rule 23, and Phase III discovery concerning the merits of Plaintiff's claims, damages, and defenses. *Id.*

5.    Under the phased discovery schedule, Phase I discovery was originally set to close on April 3, 2026, and Plaintiff's motion for conditional certification was originally due April 24, 2026. ECF No. 37. On April 24, 2026, Plaintiff filed an Unopposed Motion to Extend Time to File Motion for Conditional Certification from April 24, 2026, to June 26, 2026. ECF No. 38. On April 27, 2026, the Court granted that request. ECF No. 39. Plaintiff's motion for conditional certification is currently due June 26, 2026.

6.    The Court has also set a virtual status conference for September 2, 2026. ECF No. 36.

7.    On June 10, 2026, the Parties conferred regarding the possibility of early resolution. The Parties agreed to pursue private mediation with an experienced wage-and-hour mediator and to exchange information necessary to evaluate the claims, defenses, and potential damages.

8.    The Parties will mutually select an experienced wage and hour mediator within fourteen (14) days of the entry of an Order granting the requested stay and agree to attend mediation during the Stay Period, subject to their selected mediator's availability.

9.    To facilitate a productive mediation of the action, Defendant will provide Plaintiff's counsel with information and policies relating to the practices challenged in this litigation, as well as documents for the Hourly Employees (as that term is defined in ECF No. 1) including relevant compensation data, records of time worked, identification numbers, job titles, and dates of employment.

JOINT STIPULATION TO STAY, TOLL, AND MEDIATE AND PROPOSED ORDER

Defendant will provide the foregoing information in Excel spreadsheet format when possible. Defendant agrees to provide this information to Plaintiff's counsel at least four (4) weeks prior to the Parties' scheduled mediation date.

10. Settlement communications, mediation statements, damages analyses, and compromise negotiations exchanged during the Stay Period are subject to Federal Rule of Evidence 408 to the extent applicable. Nothing in this Stipulation renders otherwise discoverable business records inadmissible or prevents either Party from seeking, producing, or using such records through formal discovery if this matter does not resolve.

11. The Parties respectfully request that all case deadlines (including Plaintiff's current June 26, 2026, deadline to file a motion for conditional certification) and proceedings be stayed for a period of one hundred twenty (120) days, until October 9, 2026, unless earlier terminated by: (a) declaration of impasse by the mediator; (b) written notice by either Party that mediation has reached impasse; or (c) further order of the Court.

12. The Parties further request that the Court toll the FLSA statute of limitations for FLSA Collective Members from June 11, 2026, until five (5) business days after one of the following occurs: an impasse is declared by the mediator, the Stay Period requested herein expires, or either Party provides notice (via email or letter) to the other of an impasse, whichever is earlier.

13. Pursuant to LR 26-3, the Parties state as follows:

    a. Discovery Completed. The Parties have conducted their Rule 26(f) conference, exchanged initial disclosures, served written discovery, served discovery responses and objections, and Defendant has produced documents and native data. Plaintiff has also served a discovery-deficiency letter and noticed the depositions of Larry Dailey, Josh Savage, Jody

JOINT STIPULATION TO STAY, TOLL, AND MEDIATE AND PROPOSED ORDER

Korell, and Mike Brozovich.

b.  Discovery Remaining. If this matter does not resolve, remaining discovery may include amended or supplemental written discovery responses and production from Defendant, depositions of Defendant witnesses, and further discovery concerning Defendant's timekeeping, payroll, compensation, regular-rate, donning and doffing, and pre-shift/post-shift policies and practices. Defendant has not yet served written discovery and may seek written discovery, Plaintiff's deposition, depositions of opt-in plaintiffs or putative collective/class members, and any additional discovery permitted by the Court's phased-discovery order.

c.  Reasons Discovery Will Not Be Completed Within the Existing Schedule. The Parties have been engaged in Phase I discovery and recently agreed to pursue mediation. The Parties believe that staying case and discovery deadlines while they exchange targeted information, focus on resolution prospects, and prepare to mediate will conserve resources and avoid unnecessary discovery, deposition, and motion-practice costs.

d.  Proposed Schedule for Completing Remaining Discovery. If the Parties reach impasse in their resolution efforts, the Parties will file a Proposed Joint Amended Discovery Plan and Scheduling Order within ten (10) days after the earliest of: (i) declaration of impasse by the mediator; (ii) written notice by either Party of impasse; or (iii) further order of the Court. The proposed amended schedule will address remaining Phase I discovery, depositions, Phase II and III discovery if applicable, Plaintiff's deadline to move for conditional certification, any class-certification deadlines, and any other affected deadlines.

14.  This Stipulation is made in good faith and not for purposes of delay. Nothing in

JOINT STIPULATION TO STAY, TOLL, AND MEDIATE AND PROPOSED ORDER

this Stipulation waives any Party's claims, defenses, discovery objections, discovery rights, motion rights, right to seek or oppose conditional certification, right to seek or oppose class certification, or right to seek any other relief if mediation is unsuccessful.

WHEREFORE, the Parties respectfully request that the Court enter an order:

A.    Staying all case deadlines and proceedings for the duration of the Stay Period, until October 9, 2026;

B.    Tolling the FLSA statute of limitations for the FLSA Collective Members from June 11, 2026 until five (5) business days after one of the following occurs: an impasse is declared by the mediator, the Stay Period requested herein expires, or either Party provides notice (via email or letter) to the other of an impasse, whichever is earlier;

JOINT STIPULATION TO STAY, TOLL, AND MEDIATE AND PROPOSED ORDER

C.      Requiring that, within ten (10) days after the Stay Period expires or is earlier terminated, the Parties shall file a Joint Status Report to apprise the Court of the status of resolution, or, in the alternative, shall file a Proposed Joint Discovery Plan and Scheduling Order to govern the remainder of this case.

Date: June 12, 2026                          Respectfully Submitted,

By:    */s/ Andrew W. Dunlap*                    By:    */s/ Dora V. Lane*
        Michael A. Josephson                              Lonnie Giamela
        (admitted *pro hac vice*)                         (admitted *pro hac vice*)
        Andrew W. Dunlap                                  Joel Moon
        (admitted *pro hac vice*)                         (admitted *pro hac vice*)
        **JOSEPHSON DUNLAP LLP**                          **FISHER & PHILLIPS LLP**
        5847 San Felipe, Suite 2400                       444 South Flower Street, Ste. 1500
        Houston, Texas 77057                              Los Angeles, CA 90071
        (713) 352-1100                                    (213) 330-4454

        Richard J. (Rex) Burch                            Emily Hobbs
        (admitted *pro hac vice*)                         (admitted *pro hac vice*)
        **BRUCKNER BURCH PLLC**                           **ASCENT LAW, P.C.**
        5847 San Felipe, Suite 2400                       110 16th Street, Ste. 1460
        Houston, Texas 77057                              Denver, CO 80202
        (713) 877-8788                                    (720) 933-0765

        Esther C. Rodriguez                               Dora V. Lane
        Nevada Bar No. 6473                               Nevada Bar No. 8424
        **RODRIGUEZ LAW OFFICES, P.C.**                   **ASCENT LAW, P.C.**
        10161 Park Run Drive, Suite 150                   5470 Kietzke Lane, Ste. 300
        Las Vegas, Nevada 89145                           Reno, NV 89511
        (702) 320-8400                                    (775) 671-6171

*Attorneys for Plaintiffs Loehr & the Hourly*        *Attorneys for Defendant KG Mining Bald*
*Employees*                                          *Mountain) Inc.*

                                                     IT IS SO ORDERED.

                                                     _____
                                                     UNITED STATES MAGISTRATE JUDGE

                                                     DATED: June 15, 2026.

JOINT STIPULATION TO STAY, TOLL, AND MEDIATE AND PROPOSED ORDER
- 7 -