Esther C. Rodriguez
**RODRIGUEZ LAW OFFICES, P.C.**
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Tel: (702) 320-8400
Fax: (702) 320-8401
esther@rodriguezlaw.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
5847 San Felipe, Suite 2400
Houston, Texas 77057
Tel: (713) 877-8788
rburch@brucknerburch.com

Michael A. Josephson
Andrew W. Dunlap
**JOSEPHSON DUNLAP LLP**
5847 San Felipe, Suite 2400
Houston, Texas 77057
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

*Attorneys for Loehr & the Hourly Employees*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SAMANTHE LOEHR, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>KG MINING (BALD MOUNTAIN) INC.,<br><br>Defendant. | Case No.: 3:25-cv-00190-CLB<br><br>**ORDER GRANTING AMENDED JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SUBMITTED PURSUANT TO ECF NO. 50)**<br><br>**(SECOND REQUEST TO EXTEND DISCOVERY AND SCHEDULING DEADLINES)** |

Plaintiff Samanthe Loehr ("Plaintiff") and Defendant KG Mining (Bald Mountain) Inc. ("Defendant") (collectively, the "Parties"), through their respective counsel, submit this Amended Joint Discovery Plan and Scheduling Order pursuant to the Court's November 3, 2026 Order (ECF No. 50), Federal Rule of Civil Procedure 16, and Local Rules 26-1 and 26-3.

The Parties propose limited modifications following expiration of the mediation stay, principally to complete four previously noticed depositions and establish a deadline for Plaintiff's Motion for Conditional Certification. Except as expressly modified herein, the Parties request that the existing phased-discovery framework remain in effect.

## I. PROCEDURAL BACKGROUND

On July 22, 2025, the Court adopted the Parties' Joint Case Management Report as the Discovery Plan and Scheduling Order. ECF Nos. 30, 32. Following a hearing on February 6, 2026, the Court granted the Parties' Stipulation to Extend and Clarify Discovery and Scheduling Deadlines (ECF No. 33) and entered an order (the "Existing Scheduling Order") establishing three phases of discovery addressing FLSA conditional certification, Rule 23 class certification, and the merits, damages, and defenses. ECF Nos. 36, 37.

Under the Existing Scheduling Order, Phase I discovery closed on April 3, 2026, and Plaintiff's conditional-certification motion was due April 24, 2026. ECF No. 37. The Court subsequently extended the certification deadline to June 26, 2026, because additional class information remained outstanding. ECF Nos. 38, 39.

On June 15, 2026, the Court stayed proceedings and applicable deadlines through October 9, 2026, to permit mediation. ECF Nos. 44, 45. The Parties participated in mediation before Jason Marsili on October 2, 2026, but did not reach a settlement. After the stay expired, the Parties filed a Joint Status Report on October 19, 2026. ECF No. 47. On October 20, 2026, the Court ordered the Parties to submit an Amended Joint Discovery Plan and Scheduling Order by November 2, 2026. ECF No. 48.

## II. DISCOVERY COMPLETED AND REMAINING

### A. Discovery Completed

The Parties exchanged initial disclosures on August 4, 2025. Plaintiff served her First Set of Discovery Requests on November 20, 2025, and Defendant served responses and responsive documents on December 22, 2025. ECF No. 33. Defendant subsequently produced additional documents and native electronic data concerning its timekeeping, payroll, and compensation practices. ECF No. 45. Plaintiff served a discovery-deficiency letter on May 28, 2026.

Under the Existing Scheduling Order, Plaintiff agreed to receive anonymized time and payroll records for approximately ten percent of the potential collective/class members, with the

population then estimated at approximately 975 individuals. ECF No. 37. Plaintiff reserved the right to seek additional information if the population proved larger. *Id.*

### B. Discovery Remaining

Before the mediation stay, Plaintiff noticed the following depositions:

- Larry Dailey: June 15, 2026;
- Josh Savage: June 15, 2026;
- Jody Korell: June 16, 2026; and
- Mike Brozovich: June 18, 2026.

The Parties agreed that these depositions would proceed within four weeks following expiration of the stay, absent further agreement. Accordingly, the Parties propose completing the four depositions by November 6, 2026.

To the extent necessary, the Parties request a limited modification of the prior Phase I discovery cutoff for this purpose, without otherwise reopening Phase I discovery. Any supplemental discovery responses or production remain subject to the existing orders and applicable discovery rules. Plaintiff further reserves the right to pursue the outstanding Phase I written-discovery and document-production deficiencies identified in Plaintiff's May 28, 2026 deficiency letter, including through the informal discovery-dispute procedure set forth in the Court's Civil Standing Order, notwithstanding the limited scheduling modification requested herein.

## III. PROPOSED AMENDED SCHEDULE

The Parties propose the following deadlines:

| Event | Current / Prior Deadline | Proposed Amended Deadline |
|---|---|---|
| Completion of previously noticed depositions (except for Josh Savage) | Originally scheduled June 15–18, 2026; Phase I cutoff April 3, 2026 (ECF No. 37) | **December 30, 2026** |
| Plaintiff's Motion for Conditional Certification | June 26, 2026 (ECF No. 39), affected by stay (ECF No. 45) | **December 11, 2026** |

| | | |
|---|---|---|
| Defendant's Opposition | 28 days after service (ECF No. 37) | **Run from date of filing of Motion** |
| Plaintiff's Reply | 14 days after service of opposition (ECF No. 37) | **Run from date of filing of Motion** |
| Updated proposed plan addressing Phases II and III | Within 14 days after conditional-certification ruling (ECF No. 37) | **Unchanged** |

The Parties request that December 11, 2026, replace the June 26, 2026, conditional-certification deadline affected by the stay.

The phased-discovery framework established by the Existing Scheduling Order shall otherwise remain in effect, including its discovery limitations, sampling arrangement, and Plaintiff's reservation of rights. ECF No. 37. Discovery outside Phase I shall remain stayed during the pendency of the conditional-certification motion, consistent with that Order.

Within fourteen (14) days after the Court rules on conditional certification, the Parties shall confer and submit an updated proposed discovery plan addressing Phase II and III discovery, Rule 23 class certification, expert disclosures, dispositive motions, and pretrial deadlines.

The previously established deadline for amending pleadings and adding parties is not reopened by this Plan. ECF No. 32. Except as expressly modified herein, the remaining provisions of ECF Nos. 32 and 37 shall remain unchanged.

## IV. GOOD CAUSE FOR THE PROPOSED MODIFICATIONS

Good cause exists for the limited modifications requested under Federal Rule of Civil Procedure 16(b)(4) and LR 26-3.

The Parties conducted written discovery and previously agreed to a phased-discovery schedule. ECF No. 37. Although the original Phase I cutoff expired on April 3, 2026, Plaintiff later obtained an unopposed extension of the conditional-certification deadline from April 24 to June 26, 2026, because “additional time [was] needed to complete discovery.” ECF Nos. 33, 37–39.

On May 29, 2026, the Parties scheduled four depositions for June 15–18, 2026. On June 12, 2026, before the Court granted the mediation stay, the Parties agreed that the depositions would proceed within four weeks after the stay expired, absent further agreement.

The Parties therefore request permission to complete the four previously noticed depositions by November 20, 2026, notwithstanding the expired Phase I cutoff. The Parties submit that good cause and excusable neglect exist based on their prior scheduling agreement, the intervening Court-approved stay, and the limited nature of the requested modification.

The proposed December 11, 2026 conditional-certification deadline allows Plaintiff to incorporate the deposition testimony without unnecessary delay. The opposition and reply deadlines preserve the briefing periods already approved by the Court.

No broader reopening of discovery or modification of the established discovery phases is requested.

The Parties respectfully request that the Court approve the proposed amended schedule and otherwise preserve the existing discovery and scheduling orders.

IT IS SO ORDERED.

HON. CARLA BALDWIN
UNITED STATES MAGISTRATE JUDGE

DATED: November 9, 2026.